RCV BY:Xerox Telecopier 7020 ; 11- 5-95 ; 2:42PM ;

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
OCT 20 1995
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VOEST-ALPINE TRADING USA CORP. | § § § | |
| PLAINTIFF, | § § | CASE NO. H-95-4954 |
| VS. | § § | |
| BANK OF CHINA and BANK OF CHINA - NEW YORK BRANCH | § § § | |
| DEFENDANTS | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Voest-Alpine Trading USA Corp. ("Voest-Alpine"), Plaintiff, files this original complaint against Bank of China and Bank of China - New York Branch ("Bank of China, New York"), Defendants, and for cause of action would show as follows:

### Parties, Jurisdiction and Venue

1. This court has subject matter jurisdiction over this dispute under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1332(a)(2), (4), 1391(f), 1441(d), 1602-1611 (1976) [hereinafter cited as the FSIA]. Bank of China is an "agency" and/or "instrumentality" as the FSIA defines these terms in 28 U.S.C § 1603. United States district courts have original jurisdiction for civil claims against foreign states, without regard to amount in controversy. 28 U.S.C. § 1330(a).

2. Personal service over the Bank of China exists when proper service is made under 28 U.S.C. § 1608. 28 U.S.C. § 1330(b). No special arrangement exists between Voest-Alpine and Defendants. Accordingly, Bank of China may be served



with process pursuant to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, *done* Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, of which both the United States and China are signatories. The provided Request For Service Abroad of Judicial or Extrajudicial Documents along with the provided copy of this Complaint shall be sent to The People's Republic of China Central Authority at:

> Bureau of International Judicial Assistance Ministry of Justice of the People's Republic of China
> No 11, Xiaguangli
> Niuwangmiao, Chaoyang district
> BEIJING, 100016
> The People's Republic of China

Such service is proper under 28 U.S.C. § 1608(a)(2) (1976 & Supp. 1995).

3. Bank of China, New York may be served with process at 410 Madison Avenue, New York, N.Y. 10017. Bank of China, New York, is an officer, a managing or general agent, or an agent otherwise authorized by appointment or by law to receive service of process in the United States within the meaning of 28 U.S.C. § 1603(b)(2). Bank of China, New York is a federal branch of the Bank of China within the meaning of International Banking Act, 12 C.F.R. § 28.2 (1995). The International Banking Act provides that a foreign bank operating at any Federal branch or agency is subject to process at the location of each such Federal branch or agency. 12 C.F.R. § 28.11. Therefore, under 12 C.F.R. § 28.11, Bank of China, New York is an agent authorized by law to receive service of process in the United States for Bank of China and service on Bank of China, New York constitutes service against Bank of China.

3. Pursuant to 28 U.S.C. § 1608(b)(3)(B), Voest-Alpine also serves Bank of China by delivering a copy of the summons and this complaint, together with a translation of each into Mandarin Chinese, the official language of the People's Republic of China, to the clerk of this Court. The clerk is instructed to send a copy of the summons and complaint together with a translation of each to the Bank of China, return receipt requested. Defendant Bank of China's address is:

Bank of China
Jiangyin Sub-Branch
15 Renmin Lu
Jiangyin 214400
Jiangsu Province
People's Republic of China

5. Voest-Alpine is a corporation incorporated under the laws of the state of New York and having its principal place of business in Houston, Texas.

6. Bank of China is an agency or instrumentality of the People's Republic of China, having its principal place of business in the People's Republic of China. Although Bank of China does not maintain a registered agent for service of process in Texas, Bank of China has done business in Texas, including the matters made the subject of this suit. Bank of China, New York is a federal branch of the Bank of China with its principal place of business in the state of New York. Bank of China, New York has also done business in Texas, including the matters made the subject of this suit. Therefore, the United States District Court for the Southern District of Texas, Houston Division, is an appropriate jurisdiction and venue for this matter.

## Background Facts

7. Voest-Alpine agreed to sell certain product or material to Jiangyin Foreign Trade Corporation. As security for the performance of Jiangyin Foreign Trade Corporation's obligation to pay for the product or material, Bank of China acted as the issuing bank for an irrevocable letter of credit of USD $1.2 million. Voest-Alpine was the beneficiary of the letter of credit. Texas Commerce Bank acted as the negotiating or presenting bank on the letter of credit, with the applicant being Jiangyin Foreign Trade Corporation. Bank of China, New York acted as the advising bank, and notified Voest-Alpine, in Houston, of the posting of the letter of credit. A true and correct copy of the advice from Bank of China, New York that the letter of credit had been posted is attached as Exhibit "A". The letter of credit, as referenced in Exhibit "A", will be hereinafter referred to as the "Letter of Credit."

8. Texas Commerce Bank presented the documents required by the Letter of Credit to the Bank of China on August 9, 1995. The Letter of Credit's expiration date was August 10, 1995. Presentment of the documents was made in a timely fashion. Thereafter, Bank of China's representatives, including Bank of China, New York employees, made numerous calls to Voest-Alpine in Houston regarding payment on the letter of credit.

9. The Letter of Credit provides that it is governed by the Uniform Customs and Practice for Documentary Credits, 1993 Revision, ICC Publication No. 500 ("UCP 500"). Under article 13(b) of the UCP 500, Bank of China had seven (7) banking days following the day of receipt of the documents to take up or refuse

4

the documents, and to inform the party from which it received the documents accordingly. Bank of China did not take up or refuse the documents within seven (7) banking days as required by article 13(b) of the UCP 500.

10. Bank of China has not paid the USD $1.2 million it owes to Voest-Alpine under the express terms of the Letter of Credit and UCP 500, directly effecting Voest-Alpine's United States operations.

11. Bank of China undertook this commercial transaction with Voest-Alpine, a United States company, and Texas Commerce Bank. This claim is expressly based upon the commercial nature of this transaction, and its substantial contact with the United States.

*in Houston?*

### Cause of Action

12. By failing to reject the documents within seven (7) banking days, Bank of China waived its right to claim that the documents are not in compliance with the terms and conditions of the Letter of Credit. UCP 500 art. 14(e).

13. By failing to timely reject the documents, Bank of China became liable to pay Voest-Alpine in accordance with the Letter of Credit. As of the date of the filing of this action, Bank of China has wrongfully refused to fulfill its contractual obligations to Voest-Alpine under the Letter of Credit.

14. Bank of China breached its contractual obligations under the Letter of Credit by failing to abide by the terms of the Letter of Credit as governed by UCP 500.

15. Bank of China, New York is also liable for the breach of Bank of China's obligations under the Letter of Credit because Bank of China, New York was the instrumentality of Bank of China being used to fund Bank of China's obligations under the Letter of Credit and to make communications concerning the Letter of Credit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be duly cited to appear and answer herein, and that upon final hearing Plaintiff have judgment against Defendants, in the amount of USD $1.2 million; pre-judgment interest at the maximum legal rate; post-judgment interest at the maximum legal rate on the total amount of the judgment; attorney's fees payable under all applicable statutes; all costs of Court expended; and for such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

By: /s/ Cary Gray
    Cary Gray
    Texas Bar No. 08322300
    Nine Greenway Plaza, Suite 1717
    Houston, Texas 77046
    Telephone (713) 625-9100
    Telefax  (713) 625-9191

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
VOEST-ALPINE TRADING USA CORP.**

**OF COUNSEL:**

**LOOPER, REED, MARK & McGRAW
INCORPORATED**
Nine Greenway Plaza, Suite 1717
Houston, Texas 77046
Telephone (713) 625-9100
Telefax  (713) 625-9191

L:\WT20\JCG\VOEST\VOEST.COM

7

423635 BKCHI NY

**NON-NEGOTIABLE COPY**

TO BANK OF CHINA, NEW YORK
FM BANK OF CHINA JIANGYIN SUB. PR. CHINA
DD JULY. 6 1995
TEST ~~XXXX~~ FOR USD1,200,000.00 BETWEEN YOU AND OUR WUXI BR.
PLS NOTIFY BENEFICIARY WE ISSUED OUR IRREVOCABLE LC95210337/95
DATE AND PLACE OF EXPIRY:
AUG. 10 1995 IN U.S.A.
APPLICANT:
JIANGYIN FOREIGN TRADE CORP.
NO.6 CHENGJIANG W ROAD
JIANGYIN CITY
JIANGSU CHINA
BENEFICIARY:
VOEST-ALPINE USA TRADING CORP.
363N. SAM HOUSTON PKWY. EAST
SUITE 1080 HOUSTON, TEXAS 77060
U.S.A.

BANK OF CHINA - NEW YORK
REFERENCE NUMBER
64TNYX 3167

AMOUNT USD1,200,000.00
(SAY U.S. DOLLARS ONE MILLION TWO HUNDRED THOUSAND ONLY)
CREDIT AVAILABLE BY NEGOTIATION OF BENEFICIARY'S DRAFT AT 60 DAYS
FROM B/L DATE FOR 100 O/O OF INVOICE VALUE DRAWN ON US AND
ACCOMPANIED BY THE FOLLOWING DOCUMENTS:
1. SIGNED COMMERCIAL INVOICE IN 5 COPIES INDICATING LC NO. AND
   CONTRACT NO.95ZX/S32091CH-2.
2. FULL SET OF CLEAN ON BOARD OCEAN BILLS OF LADING MADE OUT TO
   ORDER AND BLANK ENDORSED, MARKED 'FREIGHT PREPAID' NOTIFYING
   APPLICANT.
3. PACKING LIST/WEIGHT MEMO IN 3 COPIES
4. CERTIFICATE OF QUALITY AND QUANTY IN 3 COPIES ISSUED BY AN
   INDEPENDENT SURVEYOR AT THE LOADING PORT.
5. BENEFICIARY'S CERTIFIED COPY OF CABLE/FAX DISPATCHED TO THE
   ACCOUNTEES WITHIN 36 HOURS AFTER SHIPMENT ADVISING NAME OF VESSEL,
   DATE, VOYAGE NO. LOADING PORT, QUANTITY, WEIGHT AND VALUE OF
   SHIPMENT.
6. CERTIFICATE OF CLEANINESS IN 3 COPIES.
7. CERTIFICATE OF ORIGIN IN 3 COPIES ISSUED BY MANUFACTURER.
8. BENEFICIARY'S CERTIFICATE WITH RELATIVE POSTAL RECEIPT CERTIFYING
   THAT ONE COPY OF B/L TOGETHER WITH ONE COPY OF INVOICE, PACKING
   LIST HAVE BEEN SENT TO THE APPLICANT BY COURIE
LURDTWITHIN 3
   WORKING DAYS AFTER SHIPMENT.
COVERING SHIPMENT OF:
STYRENE MONOMER (ASTM D2827)
PURITY (WT.O/O STYRENE MONOMER, MIN) 99.6
POLYMER (PPM/WT., MAX.) 10
APHA COLOR (MAX.) 10
ALDEHYDE (WT.O/O MAX. AS BENZALDEHYDE) 0.01
INHIBITOR (PPM), TBC 15-20
PEROIDES (WT.O/O MAX. AS H2O2) 0.01
TOTAL SULFUR (WT.O/O MAX., AS S) 0.001
TOTAL CHLORIDE (WT.O/O MAX. AS CL) 0.001
AMOUNT AT USD1,200 MT

**EXHIBIT "A"**

NOT LATER THAN JULY. 2 1995
PARTIAL SHIPMENTS NOT ALLOWED
TRANSHIPMENT ALLOWED
SPECIAL INSTRUCTIONS:
1. ALL BANKING CHARGES OUTSIDE THE OPENING BANK ARE FOR ACCOUNT OF BENEFICIARY.
2. DOCUMENTS MUST BE PRESENTED WITHIN 15 DAYS AFTER THE DATE OF ISSUANCE OF THE TRANSPORT DOCUMENTS BUT WITHIN THE VALIDITY OF THIS CREDIT.
3. IF DISCREPANCIES DOCUMENTS PRESENTED, USD50.00 WILL BE CHARGED AND DEDUCTED FROM AMOUNT OF EACH DRAWING.
4. THIRD PARTY AS SHIPPER IS NOT ACCEPTABLE, SHORT FORM/BLANK BACK B/L IS NOT ACCEPTABLE.
5. CHARTER PARTY B/L AND TANKER B/L ARE ACCEPTABLE.
6. BOTH QUANTITY AND AMOUNT 5-0/0 MORE OR LESS ARE ALLOWED.
7. FREIGHT PAYABLE AS PER CHARTER PARTY.
NEGOTIATING BANK MUST FORWARD ALL DOCUMENTS AND DRAFTS TO BANK OF
CHINA JIANGYIN SUB-BR. NO.184 MIDDLE RENMIN ROAD JIANGYIN CITY
JIANGSU CHINA IN ONE COVER BY COURIER AND WE WILL PAY UPON RECEIPT OF
DOCUMENTS AND DRAFTS ALL IN ORDER.
SUBJECT TO U.C.P.(1993 REVISION) ICC PUBLICATION NO.500.
THIS IS OPERATIVE INSTRUMENT AND NO MAIL CONFIRMATION WILL FOLLOW.

PLS ADVISE BENEFICIARY IMMEDIATELY.

NNNNN
NNNNN


423635  BKCHI NY


362826  JYBOC CN


Time:  06 Jul 95 04:12:06 EDT
Connect Time:  577 seconds