IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VOEST-ALPINE TRADING USA CORP., | § § § | CIVIL ACTION NO. H-95-4954 |
| PLAINTIFF, | § § | |
| VS. | § § | |
| BANK OF CHINA and BANK OF CHINA - NEW YORK BRANCH, | § § § | Bench Trial Required 28 U.S.C. § 1441(d) |
| DEFENDANTS. | § § | |

## ANSWER OF DEFENDANT BANK OF CHINA

Defendant Bank of China (the "Bank"), by its undersigned attorneys, for its Answer to Plaintiff's Original Complaint (the "Complaint"), avers:

### Parties, Jurisdiction and Venue

1. The Bank denies the averments of the first sentence in Paragraph 1 of the Complaint, pursuant to 28 U.S.C. § 1604. Plaintiff's cause of action is based on an alleged breach that occurred, if at all, in the People's Republic of China. The letter of credit at issue was issued in the People's Republic of China at the request of an entity based in the People's Republic of China, and the Bank's payment obligation under the letter of credit, if any, was to be performed in the People's Republic of China. As to the second sentence of Paragraph 1 of the Complaint, the Bank admits that, as an entity incorporated and with its principal place of business in the People's Republic of China and wholly owned by the Government of that country, the Bank is an "agency or instrumentality of a foreign state" and/or a "foreign state" under

28 U.S.C. § 1603 and the Foreign Sovereign Immunities Act of 1976, and is, therefore, immune from the subject matter and personal jurisdiction of this Court and the Courts of the United States, as provided in 28 U.S.C. § 1604. As to the third sentence of Paragraph 1 of the Complaint, the Bank admits that Section 1330(a) of Title 28 of the U.S. Code provides that "[t]he district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam <u>with respect to which the foreign state is not entitled to immunity either under section 1605-1607 of this title or under any applicable international agreement,</u>" but denies any implication that the Bank is not entitled to immunity in this action. (emphasis added)

2. The Bank denies the averments of the first sentence of Paragraph 2 of the Complaint, but admits that Section 1330(b) provides that "[p]ersonal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title." The Bank admits the averments of the second sentence of Paragraph 2 of the Complaint. The Bank denies the averments of the third sentence of Paragraph 2 of the Complaint, except admits that the People's Republic of China became a signatory of the "Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters" in 1991. As to the fourth sentence of Paragraph 2 of the

2

Complaint, the Bank admits that plaintiff purports to have provided the documents averred therein to the address stated therein, but denies any implication that such service is sufficient to obtain jurisdiction over the Bank in this action. The Bank denies the averments of the fifth sentence of Paragraph 2 of the Complaint.

3. The Bank denies the averments of the first sentence of Paragraph 3 of the Complaint, and states that there is no such separate legal entity as "Bank of China, New York," and admits that the Bank's New York Branch has an office at 410 Madison Avenue, New York, New York 10017. The Bank denies the averments of the second sentence of Paragraph 3 of the Complaint. The Bank denies the averments of the third sentence of Paragraph 3 of the Complaint, except admits that the Bank is chartered by the government of the United States to do business as a bank in this country, and it has U.S. offices only in New York and California. The Bank denies the averments of the fourth, fifth, and sixth sentences of Paragraph 3 of the Complaint.

4. The Bank denies knowledge or information sufficient to form a believe as to the truth of the averments in the fourth Paragraph of the Complaint, which Paragraph is numbered "3", except denies that proper service may be made upon the Bank in the manner alleged therein, but admits that plaintiff purports to have arranged service as described therein.

5. The Bank denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5 of the Complaint.

6. The Bank admits the averments of the first sentence of Paragraph 6 of the Complaint. The Bank denies the averments of the second, third, fourth, and fifth sentences of Paragraph 6 of the Complaint, but admits that the Bank does not maintain a registered agent for service of process in Texas.

7. The Bank denies knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of Paragraph 7 of the Complaint. The Bank denies the averments of the second sentence of Paragraph 7 of the Complaint, except admits that the Jiangyin Sub-branch of the Wuxi Branch of the Bank, located in Jiangyin City, Jiangsu China, issued a letter of credit on or about July 6, 1995, upon the application of Jiangyin Foreign Trade Corp., naming Voest-Alpine USA Trading Corp. as beneficiary, and respectfully refers the Court to the letter of credit itself for its terms. The Bank admits the averments of the third and fourth sentences of Paragraph 7 of the Complaint. The Bank denies the averments of the fifth sentence of Paragraph 7 of the Complaint, except admits that the Bank's New York Branch acted as an advising bank in connection with the aforementioned letter of credit. The Bank denies the averments of the sixth sentence of Paragraph 7 of the Complaint. The Bank denies knowledge or information sufficient to form a belief as to the averments of the seventh sentence of Paragraph 7 of the Complaint in that the sentence is vague and ambiguous, however admits that Exhibit "A" appears to be a photocopy of a marked up document containing most of the provisions of the letter of credit at issue.

8. The Bank denies the averments in Paragraph 8 of the Complaint, except admits that the Letter of Credit expired on August 10, 1995.

9. The Bank admits the averments of the first sentence of Paragraph 9 of the Complaint. The Bank denies the averments of the second and third sentences of Paragraph 9 of the Complaint.

10. The Bank denies the averments in Paragraph 10 of the Complaint.

11. The Bank denies the averments in Paragraph 11 of the Complaint.

**Cause of Action**

12. The Bank denies the averments in Paragraph 12 of the Complaint.

13. The Bank denies the averments in Paragraph 13 of the Complaint.

14. The Bank denies the averments in Paragraph 14 of the Complaint.

15. The Bank denies the averments in Paragraph 15 of the Complaint.

**Affirmative Defenses**

**First Affirmative Defense**

This Court lacks subject matter jurisdiction in that the Bank is immune from the jurisdiction of this Court under 28 U.S.C. § 1604. Plaintiff's cause of action is based on an alleged breach that occurred, if at all, in the People's Republic of China. The letter of credit at issue was issued in the People's Republic of

China at the request of an entity based in the People's Republic of China, and the Bank's payment obligation under the letter of credit, if any, was to be performed in the People's Republic of China.

### Second Affirmative Defense

The Court lacks personal jurisdiction over the Bank under 28 U.S.C. §§ 1330, 1604, 1608.

### Third Affirmative Defense

Service of process was insufficient because the Bank was not served with process in accordance with the provisions of 28 U.S.C. § 1608 and/or the Hague Convention.

### Fourth Affirmative Defense

Venue is improper in this District under 28 U.S.C. § 1391(f).

### Fifth Affirmative Defense

Plaintiff's claim is barred by waiver and estoppel.

### Sixth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Bench Trial Required

Trial by the Court without a jury of plaintiff's claim against the Bank of China is required by 28 U.S.C. § 1330(a).

**WHEREFORE**, Defendant Bank of China demands that the plaintiff's claim against it be dismissed with prejudice and that the Court grant the Bank such other and further relief as it may deem just and proper.

Dated: April 8, 1996

*Marsha Z. Gerber*
Marsha Z. Gerber, Esq.
BUTLER & BINION, L.L.P.
Suite 1600
1000 Louisiana
Houston, Texas 77002-5093
(713) 237-3111
Counsel for Defendant Bank of China

Of Counsel:

Christopher Brady, Esq.
Mary C. Mone, Esq.
HOLLYER BRADY SMITH TROXELL
BARRETT ROCKETT HINES & MONE LLP
551 Fifth Avenue
New York, New York 10176-2701
(212) 818-1110

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Answer of Defendant Bank of China was served certified mail, return receipt requested to Plaintiff's counsel as follows:

> **J. Cary Gray**
> **LOOPER, REED, MARK & McGRAW, INC.**
> **Nine Greenway Plaza, Suite 1717**
> **Houston, Texas 77046**

on the <u>8th</u> day of <u>April</u>, 1996.

*Marsha Z. Gerber*
Marsha Z. Gerber

f:\boc\voest\answer.pld

7