RECEIVED
NOV 1 2 1996

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VOEST-ALPINE TRADING USA CORP. § § § PLAINTIFF, § § § VS. § § BANK OF CHINA and BANK § OF CHINA - NEW YORK BRANCH § § DEFENDANTS. § | CASE NO. 95-4954 |

## PLAINTIFF'S AMENDED COMPLAINT

Voest-Alpine Trading USA Corp. ("Voest-Alpine"), Plaintiff, files this amended complaint against Bank of China and Bank of China - New York Branch ("Bank of China, New York"), Defendants, and for cause of action would show as follows:

### Parties, Jurisdiction and Venue

1. This court has subject matter jurisdiction over this dispute under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1332(a)(2), (4), 1391(f), 1441(d), 1602-1611 (1976) [hereinafter cited as the FSIA]. Bank of China is an "agency" and/or "instrumentality" as the FSIA defines these terms in 28 U.S.C. § 1603. United States district courts have original jurisdiction for civil claims against foreign states, without regard to amount in controversy. 28 U.S.C. § 1330(a). United States district courts have jurisdiction over foreign states that engage in commercial activity as set forth in 28 U.S.C. § 1605(a)(2).

2. Defendants have appeared and answered herein. Therefore, service of this amended complaint may be made upon Defendants' attorneys of record by hand-delivery or U.S. mail in accordance with FED. R. CIV. P. 5(b).

3. Personal jurisdiction over the Bank of China exists when proper service is made under 28 U.S.C. § 1608. 28 U.S.C. § 1330(b). No special arrangement exists between Voest-Alpine and Defendants. Accordingly, Bank of China was served with process pursuant to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, *done* Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, of which both the United States and China are signatories. The provided Request For Service Abroad of Judicial or Extrajudicial Documents along with the provided copy of the original complaint were sent to The People's Republic of China Central Authority at:

> Bureau of International Judicial Assistance Ministry of Justice of the People's Republic of China
> No 11, Xiaguangli
> Niuwangmiao, Chaoyang district
> BEIJING, 100016
> The People's Republic of China

Such service was proper under 28 U.S.C. § 1608(a)(2) & (b)(2) (1976 & Supp. 1995).

4. Bank of China, New York was served with process at 410 Madison Avenue, New York, N.Y. 10017. Bank of China, New York, is an officer, a managing or general agent, or an agent otherwise authorized by appointment or by law to receive service of process in the United States within the meaning of 28 U.S.C. § 1608(b)(2). Bank of China, New York is a federal branch of the Bank of China within the meaning of International Banking Act, 12 C.F.R. § 28.2 (1995). The

2

International Banking Act provides that a foreign bank operating at any Federal branch or agency is subject to process at the location of each such Federal branch or agency. 12 C.F.R. § 28.11. Therefore, under 12 C.F.R. § 28.11, Bank of China, New York is an agent authorized by law to receive service of process in the United States for Bank of China and service on Bank of China, New York constituted service against Bank of China.

5. Pursuant to 28 U.S.C. § 1608(b)(3)(B), Voest-Alpine also served Bank of China by delivering a copy of the summons and the original complaint, together with a translation of each into Mandarin Chinese, the official language of the People's Republic of China, to the clerk of this Court. The clerk then sent a copy of the summons and complaint together with a translation of each to the Bank of China, return receipt requested at the following address:

> Bank of China
> Jiangyin Sub-Branch
> 15 Renmin Lu
> Jiangyin 214400
> Jiangsu Province
> People's Republic of China

6. Voest-Alpine is a corporation incorporated under the laws of the state of New York and having its principal place of business in Houston, Texas.

7. Bank of China is an agency or instrumentality of the People's Republic of China, having its principal place of business in the People's Republic of China. Although Bank of China does not maintain a registered agent for service of process in Texas, Bank of China has engaged in commercial activity in Texas, including the matters made the subject of this suit. Bank of China, New York is a federal branch

of the Bank of China with its principal place of business in the state of New York. Bank of China, New York has also engaged in commercial activity in Texas, including the matters made the subject of this suit. Pursuant to 28 U.S.C. § 1391(f), a civil action against a foreign state may be brought "in any judicial district in which a substantial part of the events... giving rise to the claim occurred...". 28 U.S.C. § 1391(f). The amount in controversy exceeds $1 million, exclusive of interest and costs. Therefore, the United States District Court for the Southern District of Texas, Houston Division, is an appropriate jurisdiction and venue for this matter.

### Background Facts

8.   Voest-Alpine agreed to sell certain product or material to Jiangyin Foreign Trade Corporation. As security for the performance of Jiangyin Foreign Trade Corporation's obligation to pay for the product or material, Bank of China issued an irrevocable letter of credit of USD $1.2 million either through its Wuxi branch located in China or its New York branch located in the United States. Voest-Alpine was the beneficiary of the letter of credit.

9.   Bank of China, New York although referred to as an advising bank, participated in the transaction as more than an advising bank. Bank of China, New York notified Voest-Alpine, in Houston, of the posting of the letter of credit. A true and correct copy of the advice from Bank of China, New York that the letter of credit had been posted is attached as Exhibit "A". The letter of credit, as referenced in Exhibit "A", will be hereinafter referred to as the "Letter of Credit." Upon notice

of posting, the Bank of China - New York opened its own file with its own reference number as evidenced on the face of Exhibit "A".

10. Texas Commerce Bank acted as the negotiating or presenting bank on the letter of credit, with the applicant being Jiangyin Foreign Trade Corporation. In accordance with the documents and agreements of the parties, presentment was made by Voest-Alpine to Texas Commerce Bank in Houston, Texas for the benefit of the Bank of China as evidenced by Exhibits "B" and "C."

11. Texas Commerce Bank forwarded the documents required by the Letter of Credit to the Bank of China on August 9, 1995. Payment was to be made to Texas Commerce Bank in Houston, Texas as evidenced by Exhibit "E." The Letter of Credit's expiration date was August 10, 1995, in the United States. Presentment of the documents was made in a timely fashion. Thereafter, Bank of China's representatives, including Bank of China, New York employees, made numerous calls to Voest-Alpine in Houston regarding payment on the letter of credit. In addition, Bank of China communicated with Texas Commerce Bank in Houston, Texas directly through several telex's regarding the letter of credit including Exhibits "C," "D.1," "D.2," and "D.3."

12. The Letter of Credit provides that it is governed by the Uniform Customs and Practice for Documentary Credits, 1993 Revision, ICC Publication No. 500 ("UCP 500"). Under article 13(b) of the UCP 500, Bank of China had seven (7) banking days following the day of receipt of the documents to take up or refuse the documents, and to inform the party from which it received the documents

accordingly. Bank of China did not take up or refuse the documents within seven (7) banking days as required by article 13(b) of the UCP 500.

13. Bank of China has not paid the USD $1.2 million it owes Voest-Alpine under the express terms of the Letter of Credit and UCP 500. This is a direct financial loss to the corporation effecting Voest-Alpine's United States operations.

14. Bank of China undertook this commercial transaction with Voest-Alpine, a United States company, and Texas Commerce Bank, a national bank based in Houston, Texas. This claim is expressly based upon the commercial activity carried on in the United States by the Bank of China, or performed in the United States in connection with the commercial activity of the Bank of China in China, or in connection with the commercial activity of the Bank of China in China which has a direct effect in the United States.

### Cause of Action

15. By failing to reject the documents within seven (7) banking days, Bank of China waived its right to claim that the documents are not in compliance with the terms and conditions of the Letter of Credit. UCP 500 art. 14(e).

16. By failing to timely reject the documents, Bank of China became liable to pay Voest-Alpine in accordance with the Letter of Credit. As of the date of the filing of this action, Bank of China has wrongfully refused to fulfill its contractual obligations to Voest-Alpine under the Letter of Credit.

17. Bank of China breached its contractual obligations under the Letter of Credit by failing to abide by the terms of the Letter of Credit as governed by UCP 500.

18. Bank of China, New York is also liable for the breach of Bank of China's obligations under the Letter of Credit because Bank of China, New York was the instrumentality of Bank of China being used to fund Bank of China's obligations under the Letter of Credit and to make communications concerning the Letter of Credit.

WHEREFORE, PREMISES CONSIDERED, Voest-Alpine respectfully requests that upon final hearing Plaintiff have judgment against Defendant in the amount of USD $1.2 million; pre-judgment interest at the maximum legal rate; post-judgment interest at the maximum legal rate on the total amount of the judgment; attorney's fees payable under all applicable statutes; all costs of Court expended; and such other and further relief to which Voest-Alpine may show itself justly entitled.

Respectfully submitted,

By: _____
J. Cary Gray
Texas Bar No. 08322300
Nine Greenway Plaza, Suite 1717
Houston, Texas 77046
Telephone (713) 625-9100
Telefax   (713) 625-9191

**ATTORNEY-IN-CHARGE FOR PLAINTIFF VOEST-ALPINE TRADING USA CORP.**

7

OF COUNSEL:

LOOPER, REED, MARK & McGRAW
INCORPORATED
Nine Greenway Plaza, Suite 1717
Houston, Texas 77046
Telephone (713) 625-9100
Telefax   (713) 625-9191

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff's Amended Complaint was served upon Marsha Z. Gerber, Butler & Binion, L.L.P., Suite 1600, 1000 Louisiana Houston, Texas 77002, via telecopy and via first-class mail, postage prepaid, on this the 7th day of November, 1996.

_____
J. Cary Gray

L:\WP50\JCG\VOEST\VOEST-1.COM

8

REV: 95_07_06_04_03_39_04_msg_12419  Board:12  t:4

423635  BKCHI NY

**NON-NEGOTIABLE COPY**

TO BANK OF CHINA, NEW YORK
FM BANK OF CHINA JIANGYIN SUB-BR, CHINA
DD JULY. 6 1995
TEST ~~~~ FOR USD1,200,000.00 BETWEEN YOU AND OUR WUXI BR.
PLS NOTIFY BENEFICIARY WE ISSUED OUR IRREVOCABLE LC9521033/95
DATE AND PLACE OF EXPIRY:
AUG. 10 1995 IN U.S.A.
APPLICANT:
JIANGYIN FOREIGN TRADE CORP.
NO.8 CHENGJIANG W ROAD
JIANGYIN CITY
JIANGSU CHINA
BENEFICIARY:
VOEST-ALPINE USA TRADING CORP.
363N. SAM HOUSTON PKWY.EAST
SUITE 1580 HOUSTON,TEXAS 77060
U.S.A.

BANK OF CHINA - NEW YORK
REFERENCE NUMBER
GANYX 3167

AMOUNT USD1,200,000.00
(SAY U.S. DOLLARS ONE MILLION TWO HUNDRED THOUSAND ONLY)
CREDIT AVAILABLE BY NEGOTIATION OF BENEFICIARY'S DRAFT AT 60 DAYS
FROM B/L DATE FOR 100-0/0 OF INVOICE VALUE DRAWN ON US AND
ACCOMPANIED BY THE FOLLOWING DOCUMENTS:
1. SIGNED COMMERCIAL INVOICE IN 5 COPIES INDICATING LC NO. AND
   CONTRACT NO.95ZX/532091CH-2.
2. FULL SET OF CLEAN ON BOARD OCEAN BILLS OF LADING MADE OUT TO
   ORDER AND BLANK ENDORSED, MARKED 'FREIGHT PREPAID' NOTIFYING
   APPLICANT.
3. PACKING LIST/WEIGHT MEMO IN 3 COPIES
4. CERTIFICATE OF QUALITY AND QUANTY IN 3 COPIES ISSUED BY AN
   INDEPENDENT SURVEYOR AT THE LOADING PORT.
5. BENEFICIARY'S CERTIFIED COPY OF CABLE/FAX DISPATCHED TO THE
   ACCOUNTEES WITHIN 36 HOURS AFTER SHIPMENT ADVISING NAME OF VESSEL,
   DATE,VOYAGE NO. LOADING PORT,QUANTITY, WEIGHT AND VALUE OF
   SHIPMENT.
6. CERTIFICATE OF CLEANINESS IN 3 COPIES.
7. CERTIFICATE OF ORIGIN IN 3 COPIES ISSUED BY MANUFACTURER.
8. BENEFICIARY'S CERTIFICATE WITH RELATIVE POSTAL RECEIPT CERTIFYING
   THAT ONE COPY OF B/L TOGETHER WITH ONE COPY OF INVOICE, PACKING
   LIST HAVE BEEN SENT TO THE APPLICANT BY COURIE
LUKDTWITHIN 3
   WORKING DAYS AFTER SHIPMENT.
COVERING SHIPMENT OF:
STYRENE MONOMER (ASTM D2827)
PURITY (WT.0/0 STYRENE MONOMER, MIN )99.8
POLYMER (PPM/WT..MAX.) 10
APHA COLOR (MAX. )10
ALDEHYDE (WT.0/0 MAX. AS BENZALDEHYDE) 0.01
INHIBITOR (PPM),TBC 15-20
PEROIDES (WT,0/0 MAX. AS H2O2)0.01
TOTAL SULFUR (WT,0/0 MAX., AS S )0.003
TOTAL CHLORIDE (WT,0/0 MAX, AS CL)0.003
LCOUNT AT USD12..0/MT

**EXHIBIT A**

SHIPMENT IN BULK
SHIPMENT FROM KOREA/  ~~YAUGHA~~ TO ZHANGJIAGNG CH
NOT LATER THAN JULY 20 1995
PARTIAL SHIPMENTS ( ) ALLOWED
TRANSHIPMENT ALLOWED
SPECIAL INSTRUCTIONS:
1. ALL BANKING CHARGES OUTSIDE THE OPENING BANK ARE FOR ACCOUNT OF BENEFICIARY.
2. DOCUMENTS MUST BE PRESENTED WITHIN 15 DAYS AFTER THE DATE OF ISSUANCE OF THE TRANSPORT DOCUMENTS BUT WITHIN THE VALIDITY OF THIS CREDIT.
3. IF DISCREPANCIES DOCUMENTS PRESENTED, USD50.00 WILL BE CHARGED AND DEDUCTED FROM AMOUNT OF EACH DRAWING.
4. THIRD PARTY AS SHIPPER IS NOT ACCEPTABLE, SHORT FORM/BLANK BACK B/L IS NOT ACCEPTABLE.
5. CHARTER PARTY B/L AND TANKER B/L ARE ACCEPTABLE.
6. BOTH QUANTITY AND AMOUNT 5-0/0 MORE OR LESS ARE ALLOWED.
7. FREIGHT PAYABLE AS PER CHARTER PARTY.
NEGOTIATING BANK MUST FORWARD ALL DOCUMENTS AND DRAFTS TO BANK OF CHINA JIANGYIN SUB-BR. NO.184 MIDDLE RENMIN ROAD JIANGYIN CITY JIANGSU CHINA IN ONE COVER BY COURIER AND WE WILL PAY UPON RECEIPT OF DOCUMENTS AND DRAFTS ALL IN ORDER.
SUBJECT TO U.C.P.(1993 REVISION)\ICC PUBLICATION NO.500.
THIS IS OPERATIVE INSTRUMENT AND NO MAIL CONFIRMATION WILL FOLLOW.

PLS ADVISE BENEFICIARY IMMEDIATELY.

NNNNN
NNNNN


423635   BKCHI NY


362826 JYBOC CN


Time: 06 Jul 95 04:13:06 EDT
Connect Time:  577 seconds

AUG 15 1995 07:17    FROM HOUSTON LC COLL                                    P.01

| Texas Commerce Bank | TEXAS COMMERCE BANK NATIONAL ASSOCIATION Documentary Services Division P.O. BOX 3552, HOUSTON, TEXAS 77252-3552 717 TRAVIS STREET, HOUSTON, TEXAS 77002-8300 TELEX: 166063 TCB | DATE: AUGUST 15, 1995 |

OUR REF: E-455034   ITEM NO: 006           CABLE CHARGE: $   10.00
CUSTOMER REF. NO.:                         CABLE ADDR:

ACCOUNT NAME AND ADDRESS:         BY ORDER OF (SAME IF LEFT BLANK):
CABLE CHARGES COLLECTED

SEND MESSAGE TO:
BANK OF CHINA
JIANGYIN SUB. BR.
CHINA
TELEX 362826 JYBOC CN

ATTN LETTERS OF CREDIT
RE YOUR LC NO. JY010950811, OUR E-455034-002
DOCS FOR USD1,197,277.20 AND FURTHER TO YOUR
TELEX OF AUG. 11, 1995
SEVERAL OF THE DISCREPANCIES NOTED IN YOUR
TELEX ARE INVALID.
1. THIS IS NOT A LATE PRESENTATION. THE LETTER
OF CREDIT EXPIRED AT OUR COUNTERS. DOCUMENTS
WERE PRESENTED TO US WITHIN THE TIME FRAME
REQUIRED IN THE LETTER OF CREDIT AND WE
CERTIFIED IN OUR COVER LETTER THAT DOCS
WERE PRESENTED WITHIN 15 DAYS SHIPMENT DATE.
2. THE BILL OF LADING WAS ISSUED IN THREE
ORIGINALS. THIS PARTICULAR STEAMSHIP LINE
LABELS EACH ORIGINAL AS ORIGINAL, DUPLICATE,
TRIPLICATE. SAME DOES NOT ALTER THE BILL OF
LADING'S EFFECTIVENESS OR VALIDITY AND IS
NOT A DISCREPANCY. 3. THE WORD ORIGINAL IS TO
BE MARKED ON INVOICE, PACKING LIST AND CERT.
OF ORIGIN. DOCS ISSUED ON ORIGINAL LETTERHEAD
OF THE BENEFICIARY DO NOT REQUIRE ANY ADDITIONAL
NOTATION INDICATING THEY ARE ORIGINAL. NO SUCH
REQUIREMENT IS WRITTEN IN THE LETTER OF CREDIT
OR IN THE UCP 500. 4. THE LETTER OF CREDIT DOES
NOT REQUIRE THAT THE QUALITY REPORT BE ISSUED
PRIOR TO THE DATE OF SHIPMENT. THE REPORT ITSELF
STATES THAT INSPECTION TOOK PLACE BEFORE/AFTER
LOADING WHICH IS SUFFICIENT TO COMPLY WITH LC
REQUIREMENTS. 5. PLEASE NOTE THAT THE BENEFICIARY'S
CORRECT NAME IS VOEST-ALPINE TRADING USA CORPORATION.
THE LETTER OF CREDIT WAS ISSUED INCORRECTLY.
6. THE REMAINING TWO DISCREPANCIES ON YOUR LIST ARE
MERELY TYPOS OF NO CONSEQUENCE AND ARE INSUFFICIENT
GROUNDS TO REFUSE PAYMENT. WE UNDERSTAND THAT THE
BENEFICIARY IS CONTACTING THE OPENERS DIRECTLY TO
RESOLVE THIS MATTER. PLEASE CONTACT YOUR CUSTOMERS
AND CONFIRM THEIR AGREEMENT TO PAY, CONFIRMING TO
US VIA TESTED TELEX THAT DOCS HAVE BEEN ACCEPTED TO
MATURE ON SEPT. 18, 1995 AT WHICH TIME YOU WILL
REMIT FUNDS PER INSTRUCTIONS IN OUR COVER LETTER.
WE AWAIT YOUR RESPONSE. REGARDS,
DOCUMENTARY SERVICES/DD

E-455034-  -006-61-01

EXHIBIT B                                           TOTAL P.01

AUG-21-1995 15:25 TCB HOUSTON LC COLL P.01/22

Prepared 08/21/95 09:13

KEY: TI IN    9508210726175300 SEQ NO: 950821500378

CAUTION:   UNTESTED MESSAGE

ZCZC ATT0029 EASYLINK MESSAGE
TO:82324270
EASYLINK 1920648M001    19 AUG95 21:25/21 AUG95 07:29 EST
FROM:
     VIA 48640410

Post-it™ brand fax transmittal memo 7671  # of pages ▶ 2
To: RENEE LAWN   From: ANGEL D
Co.                Co. TCB
Dept.              Phone # 216-3131
Fax # 731-7155     Fax #

166053 TCB HOU

TRT EXPRESS MAIL

MESSAGE SEQUENCE NUMBER: 8926
ORIGINATOR ANSWERBACK: TO TEXAS COMMERCE
TIME RECEIVED: 19-AUG-95 22:21
RE:
OCP: FJW432
166053 TCB HOU C
TO TEXAS COMMERCE
  BANK.N.A. DOCUMENTARY SERVICES DIVISION HOUSTON.
    TEXAS U.S.A.
FM BANK OF CHINA JIANGYIN SUB-BR.
DD 950818
ATTN EXPORT DEPT
YOUR REF E-485034-002
OUR L/C LC8521033/95.
YOUR DOCUMENTS FOR USD1,197,277.20
RYT DD 950815 YOUR EXPLANATION FOR THE IRREFUTABLE DISCREPANCIES
DOES NOT HOLD WATER. THOSE DISC.WERE FOUND OUT IN ACCORDANCE WITH
THE TERMS OF UCP(1993 REVISION) ICC PUBLICATION 500.THEY ARE OF GOOD
GROUNDS.
NOW WE STATE AS FOLLOWS:
1. WE MEAN LATE PRESENTATION BY YOU BANK.THE BENFFICIARY PRESENTED
   THE DOCUMENTS WITHIN THE PRESENTATION PERIOD.BUT YOU EXCEEDED
   THE SEVEN BANKING DAYS FOLLOWING THE DAY OF YOUR RECEIPT OF
   THE DOCUMENTS ACCORDING TO ARTICLE 13(B) OF UCP 500.
2. THE BILL OF LADING SHOWS IT IS ISSUED IN THREE ORIGINALS. BUT IT
   LABELS ORIGINAL. DUPLICATE AND TRIPLICATE.WHICH IS CONTRADICTORY
   ACCORDING TO ARTICLE 13(A) OF ICC UCP 500. DOCUMENTS WHICH APPEAR
   ON THEIR FACE TO BE INCONSISTENT WITH ONE ANOTHER WILL BE
   CONSIDERED AS NOT APPEARING ON THEIR FACE TO BE IN COMPLIANCE WITH
   THE TERMS AND CONDITIONS OF THE CREDIT.
3. SOME DOCUMENTS SUCH AS SURVEY REPORT MARKING 'ORIGINAL' BUT SOME
   DOCUMENTS SUCH AS INVOICE. PACKING LIST AND CERT. OF ORIGIN NOT
   HAVING SUCH MARKING .SO DOCUMENTS ARE NOT IN CONSISTENT WITH ONE
   ANOTHER.
4. REGARDING THE SURVEY REPORT DATE. ACCORDING TO CUSTOMS. SURVEY
   REPORT SHOULD NOT BE ISSUED LATER THAN THE B/L DATE.UNLESS THE
   REPORT SPECIFIES THE ACTUAL DATE OF SURVEY WHICH IS EARLIER THAN
   THE SHIPPING DATE.
5. THE BENEFICIARY'S NAME IS NOT COMPLIED WITH L/C.WE OPENED THE L/C
   ACCCORDING TO APPLICANT'S APPLICATION AND CONTRACT.IF IT IS
   INCORRECT WHY DON'T YOU DEMAND THE AMENDMENT OF THE CREDIT.

EXHIBIT C

-21-1995  15:25            TCB HOUSTON LC COLL                                P.02/02

...NK MUST EXAMINE ALL DOCUMENTS STIPULATED IN THE CREDIT WITH
..EASONABLE CARE. TO ASCERTAIN WHETHER OR NOT THEY APPEAR, ON THEIR
FACE, TO BE INCOMPLIANCE WITH THE TERMS AND CONDITIONS OF THE CREDIT.
ACCORDING TO ARTICLE 13 OF UCP 500. AN IRREVOCABLE CREDIT CONSTITUTES
A DEFINITE UNDERTAKING OF THE ISSUING BANK, PROVIDING THAT THE
STIPULATED DOCUMENTS ARE COMPLIED WITH THE TERMS AND CONDITIONS OF
THE CREDIT ACCORDING TO ARTICLE UCP500. NOW THE DISCREPANT DOCUMENTS
(MAY) HAVE US REFUSE TO TAKE UP THE DOCUMENTS ACCORDING TO ARTICLE
14(B) OF UCP500.
WE ARE STILL HOLDING DOCUMENTS AT YOUR RISKS AND DISPOSAL.
RGDS.

L/C DEPT

NNN
NNN


186053 TCB HOU C
362826 JYBOC CN

186053 TCB HOU
NNNN

TOTAL P.02

```
AUG-11-1995  12:26        TCB HOUSTON LC COLL
```

TO: Renée Lewin
FM: Deborah - TCB
Re: jiangyin
     Inv. #11169

```
                  Prepared 08/11/95   08:48
KEY:  TLIN    9508110757123800 SEQ NO: 950811500181

CAUTION:    UNTESTED MESSAGE

ZCZC ATT0019 EASYLINK MESSAGE
TO:62324270
EASYLINK 8899427M001    11 AUG95 03:02/11 AUG95 08:00 EST
FROM:
     VIA 49640410


188053 TCB HOU

TRT EXPRESS MAIL

MESSAGE SEQUENCE NUMBER: 8748
ORIGINATOR ANSWERBACK: TO TEXAS COMMERCE
TIME RECEIVED: 11-AUG-95 03:57
RE:
OCP: FJW149
186053 TCB HOU C
TO TEXAS COMMERCE
 BANK, HOUSTON, TEXAS
FM BANK OF CHINA, JIANGYIN SUB. BR.CHINA
DD AUG. 11 1995

ATTN DOCUMENTARY SERVICES DIVISION

OUR REF NO. JY010950811
RE: YOUR REF NO. E-465034-002 FOR USD1,197,277.20
UNDER OUR L/C NO. LC9521033/95
UPON CHECKING A/M DOCUMENTS, WE NOTE THE FOLLOWING DISCREPANCY:
.. LATE PRESENTATION. NO
.. BENEFICIARY'S NAME IS DIFFER FROM L/C.
.  B/L SHOULD BE PRESENTED IN THREE ORIINALS I/O DUPLICATE.
     TRIPLICATE.  ?
.  INV.P/L.AND CERT. OF ORIGIN NOT SHOWING 'ORIGINAL'
.  THE DATE OF SURVER REPORT LATER THAN B/L DATE. NO
.. WRONG L/C NO. IN FAX COPY
.  WRONG DESTINATION IN CERT. OF ORIGIN AND BENEFICIARY'S CERT.
E ARE CONTACTING THE APPLICANT FOR ACCEPTANCE OF THE RELATIVE
ISCREPANCY. HOLDING DOCUMENTS AT YOUR RISKS AND DISPOSAL.



NNNNN



8053 TCB HOU C
2826 JYBOC CN
3053 TCB HOU C


1053 TCB HOU
IN
                                                    TOTAL P.01
```

EXHIBIT D.1

Prepared 09/01/95   09:36

KEY: TLIN    9509010737203300 SEQ NO: 950901500443

TESTED SUCCESSFULLY

ZCZC ATT0027 EASYLINK MESSAGE
TO:62324270
EASYLINK 6577409M001    01 SEP95 05:30/01 SEP95 07:40 EST
FROM:
       VIA 49840410

166053 TCB HOU

TRT EXPRESS MAIL

MESSAGE SEQUENCE NUMBER: 7177
ORIGINATOR ANSWERBACK: VXXCA00101-7730BJ
TIME RECEIVED: 01-SEP-95 06:26
RE:
OCP: FJW222
166054 TCB HOU D
VXXCA00101-7730BJ
BBOC
 71166054
HKN 7730

 HKN7730 PEK2493 HOE8435 -00011311-
P2 ZTXCMHT
BJBBOC



RD077 01 SEP 95

TO TEXAS COMMERCE BANK N.A.HOUSTON

FM BANK OF CHINA, HEAD OFFICE BEIJING

TEST 37-6226 FOR USD 1,197,277

AS REQUESTED IN TELEX OF AUG 31 1995 FROM OUR   JIANG YIN

WE RELAY THEIR MESSAGE TO YOU
QUOTE
ATTN EXPORT DEPT
YOUR REF.E-455034-002 FOR USD1,187,277.20 DD 950803
OUR REF LC9531033/95
FURTHER TO OUR TLX DD 950824
AS A CONSIDERABLE TIME HAS BEEN ELAPSED AND THE APPLICANT
STILL INSISTS ON REFUSAL OF PAYMENT, WE WILL RETURN FULL SET OF
DOCUMENTS TO YOU BY EXPRESS MAIL IF WE CANNOT GET ANY FURTHER
INSTRUCTIONS WITHIN 5 DAYS FROM THIS TLX DATE STOP
B.RGDS.

-09011624

EXHIBIT D.2

TOTAL P.01

# ORIGINAL

# 中国银行 江阴支行
## BANK OF CHINA
### JIANGYIN SUB-BRANCH

When corresponding please quote

REF. NO. _____

Address: Jiangin Wuxi China.
Telex: 362378 JYBOC CN.

DATE. SEPT.18,1995

TO TEXAS COMMERCE BANK.N.A.
DOCUMENTARY SERVICES DIVISION
HOUSTON, TEXAS

ATTN: EXPORT DEPT

YOUR REF.E-455034-002 FOR USD1,197,277.20 DD 950803
OUR REF LC9521033/95

RE: OUR TLX 950912 THE APPLICANT STILL INSISTS ON REFUSAL OF

PAYMENT, WE HAVE TODAY RETURNED FULL SET OF DOCUMENTS TO

YOU BY COURIER AND CLOSED OUR FILE WITH COMPLETE DISCHARGE.

UPON YOUR RECEIPT PLS RETURN THE COPY OF LETTER WITH YOUR

AUTHORIZED SIGNATURE TO US.

BANK OF CHINA

JIANGYIN SUB-BRANCH

*[signatures]*

EXHIBIT D.3

TOTAL P.01



**TEXAS COMMERCE BANK**
**NATIONAL ASSOCIATION**
Documentary Services Division
P.O. BOX 2558, HOUSTON, TEXAS 77252-2558
717 TRAVIS STREET, HOUSTON, TEXAS 77002-8300
TELEX: 166053 TCB

PRESENTATION OF DOCUMENTS FOR NEGOTIATION
** VIA DHL COURIER **

```
SEND TO:  BANK OF CHINA
          ATTN: LETTERS OF CREDIT
          JIANGYIN SUB-BR.
          NO. 184 MIDDLE RENMIN ROAD
          JIANGYIN CITY, JIANGSU CHINA

DATE           : AUGUST 03, 1995
OUR REFERENCE  : E-455034-002
YOUR L/C NUMBER: LC9521033/95
```

GENTLEMEN:

ATTACHED ARE DOCUMENTS PRESENTED FOR NEGOTIATION UNDER THE ABOVE MENTIONED LETTER OF CREDIT. PLEASE CONTACT US IMMEDIATELY BY TESTED TELEX OR SWIFT IF ANY DISCREPANCIES ARE NOTED.

```
DRAFT AMOUNT   : USD 1,197,277.20

PLUS CHARGES   : USD
HANDLING       :
ADVISING       :
CONFIRMATION   :
REIMBURSEMENT  :
AMENDMENT      :
POSTAGE        :
COURIER        :
TELEX          :
---------------
TOTAL          : USD 1,197,277.20
```

UPON RECEIPT OF DOCUMENTS, PLEASE CONFIRM TO US VIA TESTED TELEX OR SWIFT THAT DOCUMENTS HAVE BEEN ACCEPTED FOR PAYMENT ON SEPTEMBER 18, 1995 BEING 60 DAYS AFTER B/L DATE.

AT MATURITY, PLEASE INSTRUCT YOUR U.S. CORRESPONDENTS BY WIRE TO PLEASE PAY VIA FEDERAL RESERVE TO OURSELVES ABA 1130-00609 A/C NO. 7001207352104 ATTN: DOCUMENTARY SERVICES DIVISION QUOTING OUR REFERENCE NUMBER.

WE CERTIFY DOCUMENTS WERE PRESENTED WITHIN 15 DAYS SHIPMENT DATE

UNLESS OTHERWISE SPECIFIED, DOCUMENTS HAVE BEEN PRESENTED TO US WITHIN THE EXPIRY DATE OF THE RELEVANT CREDIT OR WITHIN THE SPECIFIED PERIOD OF TIME AFTER THE DATE OF ISSUANCE OF SHIPPING DOCUMENTS IN ACCORDANCE WITH RELATIVE ARTICLES OF THE U.C.P. (PUBLICATION 500).

PLEASE NOTE THAT THIS IS A COMPUTER GENERATED ADVICE, NO MANUAL SIGNATURE REQUIRED.

DOCUMENTARY SERVICES DIV./DD

-455034-   -004-S4-01

**EXHIBIT E**